IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HUGO HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 22-1236-EFM-KGG |
| | ) | |
| AMAZON.COM, INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## SHOW CAUSE ORDER

Plaintiff Hugo Hernandez filed this action in state court alleging claims for personal injury resulting from an automobile collision occurring in the state of Kansas. (Doc. 1-1, state court Petition.) Defendants subsequently removed the case to federal court in the District of Kansas. (Doc. 1.)

In the notice of removal, Defendants allege that Plaintiff is a citizen of Kansas and individual Defendant Tesfay Gebrewahd is believed to be a citizen of the state of Florida. Defendants then address the citizenship of the various Defendant entities as follows:

- Defendant Amazon.com, Inc., is a Delaware corporation with its principal place of business in the state of Washington, making it a citizen of these states.

- Defendant Amazon.com, LLC, is an inactive Delaware limited liability company with its last

1

- principal place of business in the state of Washington.  Defendants contend Amazon.com, LLC is a citizen of these two states.

- Defendant Amazon.com Services, Inc., is an inactive Delaware corporation with its last principal place of business in the state of Washington, making it a citizen of these states.

- Defendant Amazon.com Services, LLC, is a Delaware limited liability company with its principal place of business in the state of Washington.  Defendants contend Amazon.com Services, LLC is deemed to be a citizen of these states.

- Defendant Amazon Logistics, Inc. is a Delaware corporation with its principal place of business in the state of Washington, making it a citizen of these states.

- Defendant Marrosso Express, LLC, is believed to be a Texas limited liability company with its principal place of business in the state of Texas.  Defendants contend Marrosso Express, LLC is deemed to be a citizen of Texas.

(Doc. 1, at 2-3.)

The Notice of Removal alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity).  (*Id*., at 1.)  In this instance, however, the Notice fails to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists.

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its]

jurisdiction … ." ***Henderson ex rel. Henderson v. Shinseki***, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011).  As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (citation omitted).  If it becomes apparent that jurisdiction does not exist, the court, on its own, "must dismiss the cause at any stage of the proceedings … ." ***Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.***, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

"Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." ***Grynberg v. Kinder Morgan Energy***

***Partners, L.P.***, 805 F.3d 901, 905 (10th Cir. 2015). Simply stated, diversity is absent when citizens of the same state are on both sides of the case.

To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity. For instance, the citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); ***Newsome v. Gallacher***, 722 F.3d 1257, 1267 (10th Cir. 2013). Citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members. ***Siloam Springs Hotel, LLC v. Century Sur. Co.***, 781 F.3d 1233, 1234 (10th Cir. 2015).

As stated above, the Notice of Removal alleges the citizenship of Plaintiff and the individual Defendant. The Notice correctly alleges the citizenship of the corporate Defendants by identifying their state of incorporation and state of their principal place of business.

That stated, the Notice incorrectly alleges the citizenship of three different unincorporated association LLC Defendants as the state in which they were legally created and the state in which their principal place of business is, or most recently was, located. These factors, however, determine the citizenship of corporations, not that of unincorporated associations. The Notice makes no mention of the citizenship of each of the members of these various unincorporated LLC

4

Defendants.  ***Siloam Springs Hotel***, 781 F.3d at 1234.  Simply stated, the Court must be able to conclude the citizenship of all members of the various LLC Defendants and is unable to do so based on the information alleged by Defendants. As such, the Court cannot determine the validity of the claimed diversity.

**IT IS THEREFORE ORDERED** that by November 17, 2022, Defendants shall file a status report, with affidavits attached, properly alleging and demonstrating the citizenship of the three unincorporated association Defendants and showing cause why the undersigned Magistrate Judge should not recommend that the case be remanded to state court for lack of diversity jurisdiction.

IT IS SO ORDERED.

Dated this 7th day of November, 2022, at Wichita, Kansas.

/S KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE